UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HORACE G. FRIEND,

                 Plaintiff,

v.

PAULA DOWNEY, CEO of CSAA Insurance Group, and BILL WESTRATE, Insurance Executive American Family Insurance,

                 Defendants.

CASE NO. 3:18-cv-05894-RJB

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS

THIS MATTER comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis. Dkt. 1. The Court has considered the Application, the Proposed Amended Complaint (Dkt. 3), and the remainder of the file herein.

a. The Proposed Amended Complaint (Dkt. 3).

The Court has carefully reviewed the Proposed Amended Complaint. Dkt. 3. Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings liberally and has

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS - 1

afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

The Proposed Amended Complaint centers on the allegation that two insurance companies, whose representatives are named as defendants, denied compensation to Plaintiff for injuries sustained in a motor vehicle accident. Dkt. 3 at 2, 3. In a paragraph labeled, "Jurisdiction," it is alleged that "[b]oth Defendants and Plaintiff residing [*sic*] in different States. . . The filing of this case is within the **DIVERSITY JURISDICTION** of the Western District of Washington." *Id*. (emphasis in original). The Proposed Complaint alleges that Plaintiff has shoulder pain, that a medical bill with St. Joseph Hospital of $28,676 was reduced to $600 through an application for medical assistance, and that another bill of $1,421.39 "is probably under collection by now." *Id*. at 3.

The Proposed Complaint sought damages totaling $30,000, Dkt. 1-1 at 4, which was the basis for an Order to Show Cause. *See* Dkt. 2. Plaintiff has remedied that facial defect in the Proposed Amended Complaint, which seeks $30,000 in compensation for medical expenses, $50,000 for pain and suffering, and $200,000 for punitive damages. *Id*. at 4.

Federal courts are courts of limited jurisdiction. Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). A complaint must be dismissed for lack of subject matter jurisdiction if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or fall within one of the other enumerated categories of Article III, Section 2, of the United States Constitution; (2) is not a 'case or controversy' within the meaning of the United States Constitution; and (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v.*

*Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986). A court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

Applied here, the Proposed Amended Complaint has invoked diversity jurisdiction as the basis for this court's jurisdiction. By statute, district courts, including this court, have original jurisdiction in diversity cases where the litigants are citizens of different states and where "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332. The allegations of the Proposed Amended Complaint are sufficient to preclude dismissal for lack of subject matter jurisdiction. The Proposed Amended Complaint alleges that all parties are diverse, and that the damages exceed $75,000. For purposes of the Application to Proceed In Forma Pauperis, the subject matter jurisdiction showing is sufficient.

    b. <u>Application to Proceed In Forma Pauperis.</u>

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). Courts have broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

In the Application, Plaintiff represents that during the past twelve months, he has received $22,000 in business/employment income, $12,000 in pension income, and $5,000 in financial help from children. Dkt. 1 at 1. The only asset listed is 10 acres of land in California. *Id*. at 2. Expenses average $3,000 per month. *Id*. at 2. Plaintiff is disabled. *Id*.

Plaintiff's indigency showing is sufficient. Plaintiff should be permitted to proceed at the expense of the Court.

* * *

THEREFORE, it is HEREBY ORDERED:

Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1) is GRANTED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of November, 2018.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge