UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HORACE G. FRIEND,<br><br>               Plaintiff,<br><br>   v.<br><br>PAULA DOWNEY, CEO of CSAA Insurance Group, and BILL WESTRATE, Insurance Executive of American Family Insurance,<br><br>               Defendants. | CASE NO. 3:18-cv-05894-RJB<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendant Paula Downey's ("Ms. Downey") motion for summary judgment (Dkt. 9) and Plaintiff Horace G. Friend's ("Mr. Friend") cross-motion for summary judgment (Dkt. 11). The Court has considered the motion, cross-motion, and remainder of the record herein.

Mr. Friend, appearing pro se, filed a complaint (Dkt. 6) alleging damages related to a December 8, 2017, car accident in Fresno, California. Ms. Downey filed a motion for summary judgment (Dkt. 9). Mr. Friend filed two responses and a cross-motion for summary judgment

(Dkts. 11; and 13) and Ms. Downey filed a reply (Dkt. 12). For the reasons provided herein, Ms. Downey's motion for summary judgment should be granted, and Mr. Friend's cross-motion for summary judgment should be denied.

## I.     RELEVANT FACTS AND PROCEDURAL HISTORY

Mr. Friend's amended complaint (Dkt. 6) is difficult to understand. It generally asserts that, on December 8, 2017, Mr. Friend was involved in a motor vehicle accident in Fresno, California ("the accident"), with Angel Martinez ("Mr. Martinez"). Dkts. 6, at 1–2; and 9, at 2. Mr. Martinez's car collided with Mr. Friend's car. Dkts. 6, at 1–2; and 9, at 2.

At the time of the accident, Mr. Martinez held an insurance policy issued by CSAA Insurance Group ("CSAA"). Dkt. 10, at 1. Mr. Friend apparently maintained his own separate insurance policies and was not insured by CSAA. Dkts. 6, at 1–2; and 9, at 2. Following the accident, Mr. Friend filed an insurance claim for injuries, and, although settlement offers were allegedly exchanged between CSAA or its apparent affiliates and Mr. Friend, the claim remains open. Dkts. 10, at 2; and 11, at 2–3, 11–33.

Seeking damages allegedly resulting from the accident, Mr. Friend filed the instant case against Ms. Downey, a California resident and an executive of CSAA, and Bill Westrate, an apparent executive of Mr. Friend's insurer American Family Insurance in Madison, Wisconsin, neither of whom were involved in the accident. Dkts. 6; and 12, at 1–2.

Ms. Downey filed a motion for summary judgment arguing, in part, that the Court lacks personal jurisdiction over her (Dkt. 9, at 1, 3–4), to which Mr. Friend responded (Dkts. 11; and 13) and Ms. Downey replied (Dkt. 12).

Alongside his first response, Mr. Friend filed a cross-motion for summary judgment without citation to authority, argument, or even which claims he makes. Dkt. 11. Mr. Friend

moves the Court to "deny and dismiss [Ms. Downey's] motion for summary judgment and grant judgment in favor of Plaintiff's cross-motion for summary judgment, and order Defendants to pay all his claim in his Amended Complaint … and any other damages that the court may find proper …. Plaintiff further ask [*sic*] this court's order for the Defendants to cease from further court litigation due to his failing health, and in reference to his original demand for jury trial that makes the decision final and executory and to end further tension in his remaining days."

In his second response, Mr. Friend states that he "wish[es] to exercise his rights under discovery process before filing of summary judgment". Dkt. 13 (apparently mistitled as an amended complaint), at 2. Specifically, Mr. Friend "is demanding [the Defendants'] compliance of the discovery process before any motion, by setting the date, time and place for the attendance of both DEFENDANTS, to uncover their responsibilities related to their insured and any activity related to their clients, and the supervisor of the repair shop that repaired the damaged car, to uncover the expressed liability to the repair." Although this pleading was incorrectly titled as an amended complaint, in addition to considering it as a response to the motion for summary judgment, it should also be construed as a Fed. R. Civ. P. 56(d) motion.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, discovery, disclosure materials on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim or jurisdiction in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

## B. WASHINGTON STATE SUBSTANTIVE LAW APPLIES

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

## C. MR. FRIEND'S FED. R. CIV. P. 56(d) MOTION

A party requesting a continuance, denial, or other order under Fed. R. Civ. P. 56(d) must demonstrate that: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). The rule requires a timely application that specifically identifies relevant information with some basis for believing that the information sought actually exists. *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004).

The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). The movant "must make clear what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).

Denial of a Fed. R. Civ. P. 56(d) motion is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation. *State of Cal., on Behalf of Cal.Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779–80 (9th Cir.

1998). Failing to meet this burden is grounds for the denial of a Fed. R. Civ. P. 56(d) motion. *Pfingston v. Ronan Eng. Co.,* 284 F.3d 999, 1005 (9th Cir. 2002).

Here, Mr. Friend has not demonstrated the existence or necessity of discovery of additional facts relevant to the issues raised in the motion for summary judgment. Mr. Friend has not submitted affidavits or any other materials demonstrating the existence of particular facts to be disclosed that are essential to a defense of the motion for summary judgment.

Therefore, to the extent that Mr. Friend moves for a continuance pursuant to Fed. R. Civ. P. 56(d) (Dkt. 13, at 2), that motion should be denied.

### D. MS. DOWNEY'S PERSONAL JURISDICTION DEFENSE

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that personal jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). A plaintiff cannot simply rest on the bare allegations of his complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. *Amba Marketing Systems, Inc. v. Jobar International, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977). Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Schwarzenegger*, 374 F.3d at 800. A prima facie showing means that the plaintiff has produced admissible evidence, which, if believed, is sufficient to establish the existence of personal jurisdiction. *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.*

Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. *Glencore Grain*

*Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits. *Byron Nelson Co. v. Orchard Management Corp.,* 95 Wn.App. 462, 465 (1999). Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 800–01.

To exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum state such that exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 801, (quoting *International Shoe v. Washington*, 326 U.S. 310, 316 (1945)). In determining whether a defendant has minimum contacts, courts focus on the relationship among the defendant, the forum, and the litigation. *Shaffer v. Heitner,* 433 U.S. 186, 204 (1977).

Personal jurisdiction exists in two forms: general and specific. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002). To establish general jurisdiction, the plaintiff must show that the defendant's affiliations with the forum state are so continuous and systematic as to render them essentially at home in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).

To establish specific jurisdiction, the plaintiff must show that: (1) defendant purposefully availed itself of the privilege of conducting activities in Washington, thereby invoking the benefits and protections of its laws; (2) plaintiff's claims arise out of defendant's Washington-related activities; and (3) the exercise of jurisdiction would be reasonable. *Easter v. American West Financial,* 381 F.3d 948, 960–61 (9th Cir. 2004); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000).

Here, Mr. Friend has not shown either general or specific jurisdiction and has not filed affidavits or other materials to support any of the listed requirements for either theory. This Court has no jurisdiction over Ms. Downey, a California resident.

Mr. Friend appears to be attempting, through this lawsuit, to force Mr. Martinez's insurer to settle Mr. Friend's damage claim. That is customarily done by suing the insured, not the insurer, at the appropriate court that has jurisdiction over the insured.

Therefore, Ms. Downey's motion for summary judgment should be granted, and Mr. Friend's motion for summary judgment should be denied.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- To the extent that Plaintiff Horace G. Friend moves for a continuance pursuant to Fed. R. Civ. P. 56(d) (Dkt. 13, at 2), that motion **IS:**
    - **DENIED.**
- Defendant Paula Downey's motion for summary judgment (Dkt. 9) **IS:**
    - **GRANTED,** as follows:
        - Defendant Paula Downey is **DISMISSED** from this case.
- Plaintiff Horace G. Friend's cross-motion for summary judgment (Dkt. 11) **IS:**
    - **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of January, 2019.

                                   *Robert J. Bryan*
                                   ROBERT J. BRYAN
                                   United States District Judge