UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HORACE G. FRIEND,<br><br>                Plaintiff,<br>    v.<br><br>PAULA DOWNEY, CEO of CSAA Insurance Group, and BILL WESTRATE, Insurance Executive of American Family Insurance,<br><br>                Defendants. | CASE NO. 3:18-cv-05894-RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE, DEFENDANT BILL WESTRATE'S MOTION FOR SUMMARY JUDGMENT, AND PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY |

      THIS MATTER comes before the Court on Plaintiff Horace G. Friend's ("Mr. Friend") Motion to Dismiss Without Prejudice (Dkt. 27), Defendant Bill Westrate's ("Mr. Westrate") Motion for Summary Judgment (Dkt. 18), and Plaintiff's Motion for Leave to Conduct Discovery Before a Magistrate Judge and for Assistance in Providing Legal Help (Dkt. 20). The Court has considered these motions and the remainder of the file herein.

1    Mr. Friend, appearing pro se, filed an amended complaint alleging damages related to a
2    December 8, 2017, car accident in Fresno, California. Dkt. 6. One of the Defendants, Paula
3    Downey, a California resident, filed a Motion for Summary Judgment, arguing, in part, that the
4    Court lacked personal jurisdiction over her. Dkt. 9. Defendant Paula Downey's Motion for
5    Summary Judgment was granted. Dkt. 16. Plaintiff sought reconsideration, which the Court
6    denied. Dkts. 21 and 24. On January 24, 2018, Mr. Westrate, a Wisconsin resident, filed a
7    motion for summary judgment, arguing, in part, that the court lacks personal jurisdiction over
8    him. Dkt. 18, at 2–7. Mr. Friend filed a motion for leave to conduct discovery and for legal
9    assistance. Dkt. 20. Mr. Westrate responded in opposition to Mr. Friend's motion for leave to
10   conduct discovery and for legal assistance. Dkt. 22. Mr. Friend filed a motion to recuse. Dkt. 25.
11   The undersigned denied Mr. Friend's request for voluntary recusal, and, in accordance with this
12   Court's Local Rules, the matter was referred to Chief Judge Ricardo S. Martinez for review. Dkt.
13   26; LCR3(f). Chief Judge Martinez affirmed the order declining to recuse voluntarily. Dkt. 30.
14   On February 15, 2019, Mr. Friend filed a Motion to Dismiss Without Prejudice. Dkt. 27. Mr.
15   Westrate responded in opposition to Mr. Friend's Motion to Dismiss Without Prejudice. Dkt. 28.

For the reasons provided herein, Mr. Friend's Motion to Dismiss Without Prejudice (Dkt. 27) should be denied; Mr. Westrate's Motion for Summary Judgment (Dkt. 18) should be granted; and Plaintiff's motion for leave to conduct discovery and for legal assistance (Dkt. 20) should be denied as moot.

## I.  DISCUSSION

### A. PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

Fed. R. Civ. P. 41 provides that voluntary dismissal by a plaintiff without court order is appropriate only by filing: "(i) a notice or dismissal before the opposing party serves either an

answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii).

First, Mr. Westrate filed a motion for summary judgment (Dkt. 18; filed January 24, 2019) before Mr. Friend filed his Motion to Dismiss Without Prejudice (Dkt. 27; filed February 15, 2019). Second, Parties have not provided a signed stipulation of dismissal; indeed, Mr. Westrate opposes Mr. Friend's motion for dismissal without prejudice. Dkts. 28 and 29. Therefore, voluntary dismissal by Mr. Friend is inappropriate, and the Court should deny his Motion for Dismissal Without Prejudice (Dkt. 27).

### B. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

#### 1. Summary Judgment Standard

Summary judgment is proper only if the pleadings, discovery, disclosure materials on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim or jurisdiction in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

#### 2. Washington State Substantive Law Applies

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

#### 3. Personal Jurisdiction Defense

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that personal jurisdiction is appropriate.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). A plaintiff cannot simply rest on the bare allegations of his complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. *Amba Marketing Systems, Inc. v. Jobar International, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977). Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Schwarzenegger*, 374 F.3d at 800. A prima facie showing means that the plaintiff has produced admissible evidence, which, if believed, is sufficient to establish the existence of personal jurisdiction. *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.*

Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits. *Byron Nelson Co. v. Orchard Management Corp.,* 95 Wn. App. 462, 465 (1999). Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 800–01.

To exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum state such that exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 801, (quoting *International Shoe v. Washington*, 326 U.S. 310, 316 (1945)). In determining

whether a defendant has minimum contacts, courts focus on the relationship among the defendant, the forum, and the litigation. *Shaffer v. Heitner,* 433 U.S. 186, 204 (1977).

Personal jurisdiction exists in two forms: general and specific. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002). To establish general jurisdiction, the plaintiff must show that the defendant's affiliations with the forum state are so continuous and systematic as to render them essentially at home in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).

To establish specific jurisdiction, the plaintiff must show that: (1) defendant purposefully availed itself of the privilege of conducting activities in Washington, thereby invoking the benefits and protections of its laws; (2) plaintiff's claims arise out of defendant's Washington-related activities; and (3) the exercise of jurisdiction would be reasonable. *Easter v. American West Financial,* 381 F.3d 948, 960–61 (9th Cir. 2004); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000).

Here, Mr. Friend has not shown either general or specific jurisdiction and has not filed affidavits or other materials to support any of the listed requirements for either theory of personal jurisdiction. This Court has no jurisdiction over Mr. Westrate, a Wisconsin resident.

Therefore, Mr. Westrate's Motion for Summary Judgment (Dkt. 18) should be granted. Defendant Mr. Westrate should be dismissed for lack of personal jurisdiction; because all defendants should be dismissed for the Court's lack of personal jurisdiction over them, (*see* Dkt. 16 (dismissing Defendant Paula Downey)), this case should be dismissed with prejudice.

### C. PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY AND FOR LEGAL ASSISTANCE

Because this case should be dismissed, the Court should deny as moot Plaintiff's motion for leave to conduct discovery and for legal assistance.

## II. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Dismiss Without Prejudice (Dkt. 27) is **DENIED**;

- Defendant Mr. Westrate's Motion for Summary Judgment (Dkt. 18) is **GRANTED** as follows:
    - Defendant Mr. Westrate is **DISMISSED** from this case; and
    - This case is **DISMISSED WITH PREJUDICE;** and

- Plaintiff's motion for leave to conduct discovery and for legal assistance (Dkt. 20) is **DENIED AS MOOT**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of February, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE, DEFENDANT BILL WESTRATE'S MOTION FOR SUMMARY JUDGMENT, AND PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY - 6